UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
NATALIE SCOTT,

                Plaintiff,                    **ORDER**
                                                      25-CV-2888 (NRM) (TAM)

      -against-

META PLATFORMS, INC., *formerly known as Facebook*,

                Defendant.
---------------------------------------------------------X
**NINA R. MORRISON**, United States District Judge:

      The Court has reviewed Defendant's Motion to Dismiss or Alternatively to Transfer, ECF No. 8 (June 23, 2025), and the supporting Memorandum, ECF No. 9 (June 23, 2025), Reply, ECF No. 11 (June 23, 2025), and Declaration of Michael Duffey dated May 27, 2025 ("Duffey Decl."), ECF No. 10 (June 23, 2025), as well as Plaintiff's submission in opposition. Pl. Obj. to Mot. to Dismiss ("Pl. Opp'n"), ECF No. 13 (July 31, 2025). Defendant's Motion is GRANTED in part and DENIED in part. The Court grants Defendant's Motion to Transfer this proceeding to the Northern District of California and denies its Motion to Dismiss without prejudice to renew following the transfer.

      The Court finds that the applicable Terms of Use, ECF No. 10-1, contain a valid and enforceable forum selection clause. This selection clause (1) was reasonably communicated to Plaintiff when she agreed to the Terms of Use before using Defendant's Facebook platform, *see* Duffey Decl. ¶ 4 ("Every person who registers for, uses, and continues to use the Facebook service agrees to the Terms of Service as a

1

condition of using the Facebook service."); (2) is mandatory, *see* ECF No. 10-1 at 11[1] ("You and Meta each agree that any claim, cause of action, or dispute between us that arises out of or relates to these Terms or your access or use of the Meta Products *shall be resolved exclusively* in the U.S. District Court for the Northern District of California or a state court located in San Mateo County." (emphasis added)); and (3) is binding on the parties to this proceeding. *See We Are the People, Inc. v. Facebook, Inc.*, No. 19-CV-8871 (JMF), 2020 WL 2908260, at *1–2 (S.D.N.Y. June 3, 2020) (citing *Martinez v. Bloomberg LP*, 883 F. Supp. 2d 511, 516 (S.D.N.Y. 2012), *aff'd*, 740 F.3d 211 (2d Cir. 2014)) (articulating and applying this test to a case in a substantially similar procedural posture). The Court specifically notes that several arguments Plaintiff advances rely implicitly upon the Terms of Use being binding between the parties. *See, e.g.*, Pl. Opp'n at 10 ("Ms. Scott claims that Meta did not follow the basic provisions of its Terms of Service . . . ."); *id.* at 22 ("The visibility of the Plaintiff's user data in HTML code violates Meta's Terms of Service, Section 1.5 . . . .").

Once a moving party has established these elements, the burden shifts to the non-moving party to "rebut the presumption of enforceability by making a sufficiently strong showing that enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching." *We Are the People, Inc.*, 2020 WL 2908260, at *1 (quoting *Martinez*, 883 F. Supp. 2d at 516). Plaintiff has not done

---

[1] Except where otherwise noted (i.e., citations to paragraphs in the Declaration of Michael Duffey), pincites refer to the pagination generated by the Court's Case Management/Electronic Case Filing (CM/ECF) system.

so. Her arguments against transfer primarily focus on the convenience of this District to her in prosecuting this case. *See* Pl. Opp'n at 18. These arguments do not establish (1) that transfer would be unreasonable or unjust or (2) that the forum selection clause is invalid.

For these reasons, Defendant's Motion to Transfer is GRANTED. This case is transferred to the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1404(a). No summons shall issue from this Court. This Order closes this action in this Court.

Defendant's Motion to Dismiss is DENIED without prejudice to renew following the transfer. *See Schweitzer v. Nevels*, 669 F. Supp. 3d 242, 246 (S.D.N.Y. 2023) (citing *King v. Aramark Servs., Inc.*, No. 19-CV-77, 2019 WL 3428833, at *2 (W.D.N.Y. 2019)) (noting that, when a motion to dismiss and a motion to transfer venue are presented, the Court typically addresses the venue motion first, and, where transfer is appropriate, leaves the motion to dismiss to be decided by the transferee court). The Clerk of Court is respectfully directed to mail a copy of this Order to *pro se* Plaintiff and note the mailing on the docket. The Clerk of Court is further respectfully directed to close the case on this Court's docket.

SO ORDERED

                                                                                           /s/ Nina R. Morrison
                                                                                         NINA R. MORRISON
                                                                                         United States District Judge

Dated: October 24, 2025
       Brooklyn, New York